UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:   Darrell D. Edwards a/k/a                        Chapter 13
         Darrell Edwards
                                                         Case No. 11-23195-MDM
              Debtors.

Darrell D. Edwards
Aka Darrell Edwards
3789 N. 75th Street
Milwaukee, WI 53216

         Plaintiff,
v.                                                       Adversary Proceeding
                                                         Case No.:
Deutsche Bank National Trust Company
as Trustee for the Morgan Stanley ABS
Capital I Inc. Trust 2006-HE4, as assignee of
Mortgage Electronic Registration Systems, Inc.,
Acting solely as nominee for Intervale Mortgage Corporation
c/o America's Servicing Company
3476 Stateview Blvd.
Fort Mill, SC 29715

Morgan Stanley ABS Capital I Inc.
1585 Broadway
New York, NY 10036

Morgan Stanley Mortgage Capital Inc.
1633 Broadway
New York, NY 10019

Decision One Mortgage Company, LLC,
6060 J.A. Jones Blvd., Suite 1000
Charlotte, NC 28287

Mortgage Electronic Registration Systems, Inc.
1595 Spring Hill Road, Suite 310
Vienna, Virginia 22182

         Defendants.

Additional Party,
Mary B. Grossman,
Chapter 13 Trustee
v

1

**COMPLAINT TO OBJECT TO CLAIM NUMBER 5 AND FOR DECLARATORY JUDGMENT FOR DAMAGES FOR FILING FALSE PROOF OF CLAIM, FOR DETERMINATION OF STANDING ISSUES AND FOR FAILURE TO PERFECT MORTGAGES ON RESIDENTIAL REAL PROPERTY AND TO DETERMINE VALIDITY AND ENFORCEABILITY OF THE DEFENDANTS' LIEN AND TO DETERMINE STATUS OR EXPUNGE CLAIMS**

## INTRODUCTION

1. This is an action brought by the Debtor-Plaintiff for a Declaratory Judgment to determine the validity and enforceability of the Creditor-Defendant's lien rights, and for any other equitable relief the Court may find appropriate pursuant to Sections 105(a), 502(b)(1), 506 and 544(a) of the Bankruptcy Code and applicable Bankruptcy Rules.

## JURISDICTION

2. This is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code. This proceeding concerns claims and counter-claims to Proof of Claim Number 5 ("Claim 5") filed by Deutsche Bank National Trust Company ("Deutsche Bank") as Trustee for the Morgan Stanley ABS Capital I Inc. Trust 2006-HE4 (the "Morgan Stanley Trust"). Claim 5 was filed on April 12, 2011. Deutsche Bank is a Creditor-Defendant in this action.

3. Additionally, this proceeding concerns matters arising out of the administration of the Debtor-Plaintiff's bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

2

5. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

<h2 style="text-align:center">THE PARTIES</h2>

6. **Darrell D. Edwards** is a debtor under Chapter 13 of Title 11 of the United States Code. Mr. Edwards is also the plaintiff filing the Complaint in this Adversary Proceeding.

7. **Mary Grossman** is the standing Chapter 13 Trustee for the United States Bankruptcy Court for the Eastern District of Wisconsin. Ms. Grossman is the assigned Trustee in Mr. Edwards' case.

8. Upon information and belief, the **Morgan Stanley Trust** is a common law trust formed pursuant to New York Law. The corpus of the Morgan Stanley Trust allegedly consists of a pool of residential mortgage notes allegedly secured by liens on residential real estate. Upon information and belief, the Morgan Stanley Trust has no officers or directors and no continuing duties other than to hold assets and to issue a series of certificates of investment.

9. The PSA is part of the Morgan Stanley Trust's company filing and can be located at the following internet address:

    http://www.sec.gov/Archives/edgar/data/1362555/000091412106003669/ms503266-ex4.txt

10. Upon information and belief, **Deutsche Bank** is an international banking association. The Plaintiff alleges that Deutsche Bank is defined as trustee for the Morgan Stanley Trust by Section 1.01 of the PSA. True and accurate excerpts from the Morgan Stanley Trust have been copied into a single document and attached hereto as Exhibit 1.

3

Exhibit 1 contains relevant portions of the PSA, including true and accurate excerpts of Articles I and II.

11. Upon information and belief, **Morgan Stanley ABS Capital I Inc**., a Delaware corporation, and its successors in interest is the depositor for the Morgan Stanley Trust. The Morgan Stanley Trust defines Morgan Stanley ABS Capital I Inc. as the depositor of the Morgan Stanley Trust in Section 1.01. *Ex. 1.* Upon information and belief, the principal business location for said depositor is 1585 Broadway Front 2, New York, NY 10036-8200**.**

12. Upon information and belief, **Morgan Stanley Mortgage Capital Inc**., a New York corporation, and its successors in interest, is the sponsor of the Morgan Stanley Trust. The Morgan Stanley Trust defines Morgan Stanley Mortgage Capital Inc. as the sponsor in Section 1.01. Upon information and belief, the Principal business location for said Sponsor is 1633 Broadway, New York, NY 10019.

13. **Mortgage Electronic Registrations Systems, Inc.** ("MERS") is an electronic registration system for purpose of tracking mortgage transfers in the lending industry and is a foreign corporation with its principal place of business located at 1595 Spring Hill Road, Suite 310, Vienna, Virginia 22182. MERS is named as a nominee of the lender on the mortgage attached to Claim 5 and dated February 22, 2006.

## ADDITIONAL ACTORS

14. **Intervale Mortgage Corporation** ("Intervale") is a corporation organized and existing under the laws of Rhode Island. Intervale is the original lender of the Debtor-Plaintiff's mortgage loan. *Proof of Claim No. 5.* Upon information and belief, Intervale has been closed and inactive since 2007.

4

15. **America's Servicing Company** is listed on Claim 5 as the entity to whom the Debtor-Plaintiff's payments should be sent. America's Servicing Company does business at 1 Home Campus, MAC # x2302-04c, Des Moines, IA 50328.

## FACTUAL ALLEGATIONS

16. The Debtor-Plaintiff's bankruptcy case commenced upon the filing of a Chapter 13 petition with the Clerk of this Court on March 11, 2011.

17. The 341(a) meeting of creditors was held on April 28, 2011 in Milwaukee, Wisconsin.

18. Prior to the filing of the bankruptcy petition in this case, on February 22, 2006, the Debtor-Plaintiff financed the purchase of his home with a mortgage loan with Intervale. The Debtor-Plaintiff signed an Adjustable Rate Note (the "Note"), an Adjustable Rate Rider and a Mortgage in favor of Intervale in the amount of NINETY-ONE THOUSAND FOUR HUNDRED FORTY AND 00/100THS DOLLARAS ($91,440.000). The Note, the Adjustable Rate Rider and the Mortgage were attached and submitted with Claim 5.

19. The Mortgage is dated February 22, 2006 in the principal amount of $91,440.00. The Mortgage defines "Borrower" as Darrell D. Edwards. Mr. Edwards signed the Mortgage. The Mortgage defines "Lender" as "Intervale Mortgage Corporation."

20. The Note is dated February 22, 2006 in the principal amount of $91,440.00. The Note provides for an adjustable rate of interest with an initial interest rate of 7.63% and with initial monthly payments of $647.53 due on the first day of each month for a term of thirty (30) years, beginning on April 1, 2006. Intervale is the lender named on the Note. *Proof of Claim No. 5*

5

21. The Note was allegedly secured by a first mortgage and an Adjustable Rate Rider recorded in the Milwaukee County Register's Office on February 22, 2006. According to the language of the Mortgage, Mortgage Electronic Systems, Inc ("MERS") is named as the "mortgagee" and further states that MERS is "acting solely as a nominee for Lender and Lender's successors and assigns". The Debtor-Plaintiff alleges that as of the date of the filing of the petition the Note and Mortgage have not been properly assigned to any other party.

22. The Note contains two undated endorsements. The endorsements are stamped under the name of Damon Merritt, Assistant Secretary of Decision One Mortgage Company, LLC ("Decision One").

23. Decision One is named as a servicing agent for Intervale Mortgage. There are no documents attached to Claim 5 to show that Decision One had any authority under a valid power-of-attorney or another appropriate document to endorse the Note on behalf of Intervale.

24. The endorsements under the signature of Damon Merritt on the Note are undated. No evidence has been offered to show that Damon Merritt had any proper authority to execute the endorsements. It is not clear when these endorsements were executed and if they were ever signed by any individual.

25. An Assignment of Mortgage dated August 24, 2010 (the "AOM") is also attached to Claim 5. The AOM purports to assign the Debtor-Plaintiff's mortgage from MERS as nominee for Intervale to the Morgan Stanley Trust. The AOM appears to be endorsed by Amy Rivard, Monique Santos, and Herman Kennerty.

26. The Debtor-Plaintiff has listed a debt to Deutsche Bank in the current outstanding amount of $115,648.52 on Schedule D of his Chapter 13 Bankruptcy Plan. The debt is disputed to the extent that the Debtor-Plaintiff denies that Deutsche Bank or the Morgan Stanley Trust holds a valid and enforceable secured claim against property of the bankruptcy estate, specifically the Debtor-Plaintiff's single-family homestead located at 3789 North 75th Street, Milwaukee, Wisconsin 53216.

## FIRST CAUSE OF ACTION

I. **THE CLAIMANT LACKS STANDING AND THE STATUS OF A REAL PARY IN INTEREST BECAUSE THE DOCUMENTS ATTACHED TO DEUTSCHE BANK'S PROOF OF CLAIM NO. 5 DO NOT SHOW ANY TRANSFER OR ASSIGNMENT OF THE DEBTOR'S MORTGAGE AND NOTE TO DEUTSCHE BANK**

27. The debtor realleges the above referenced paragraphs as though fully set forth herein.

28. Further, there is no documentation to show that the individuals executing the AOM had any proper authority to do so and whether they were employed by the originator, Intervale Mortgage Corporation.

29. The debtor alleges that a party seeking to file a claim in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v American Tobacco Company*, 183 F.3d 488, 494 (6th Cir. 1999). The minimum constitutional requirements of standing are: proof of injury in fact, causation, and redressability. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982). Furthermore, the Plaintiffs allege that in order to satisfy the requirements of Article III of the United States Constitution, any claimant asserting rights in a Federal Court must show he has personally suffered some actual injury as a result of the conduct of the adverse party. *Coyne*, 183 F.3d at

7

494; *Valley Forge*, 454 U.S. at 472. The debtor/plaintiff asserts the defendant/claimant must demonstrate both constitutional as well as prudential standing and also demonstrate that said claimant is a real party in interest.

30. In Proof of Claim 5 filed in this case, it appears that the Trustee on behalf of the Trust is alleging that it is the holder and owner of the note and mortgage in this case. The debtor asserts that the endorsements to the notes in question are legally deficient and that the notes in this case were never lawfully nor timely endorsed to the Trustee or Trust. As a result, Deutsche Bank and the Morgan Stanley Trust lack proper standing or the status as a party in interest and are estopped and precluded from asserting any claim in this case, either secured or unsecured. Debtor further alleges that the other named defendants also lack standing to file or maintain any claims.

31. Deutsche Bank filed Claim No. 5 with this Court on April 12, 2011. In Claim No. 5, Deutsche Bank asserts the Claim is secured by the Debtor's property at 3789 N 75th St, Milwaukee, Wisconsin 53216-1969.

32. The Debtor alleges that Deutsche Bank does not have proper standing or the status of a real party in interest to bring a claim because neither Deutsche Bank nor Morgan Stanley Trust own the Debtor's mortgage loan.

33. The documents attached to Claim No. 5 are as follows

    a.          Attachment to Proof of Secured Claim which lists a Total Arrearage of $14,836.23 and a Total Debt of $123,066.11.

    b.          Assignment of mortgage dated August 24, 2010 and purportedly signed by Amy Rivard, Monique Santos, and Herman Kennerty;

8

c.            Mortgage dated February 22, 2006 in favor of Intervale Mortgage Corporation;

d.            Adjustable Rate Rider dated February 22, 2006 as a supplement to the note and mortgage;

e.            Adjustable Rate Note dated February 22, 2006;

f.            Loan Modification Agreement made with American Servicing Company dated January 10, 2010.

34. The Debtor asserts that the documents attached to Claim No. 5 do not provide any evidence to show the note was ever assigned to Deutsche Bank. The note and mortgage show Intervale Mortgage Corporation as the lender and there are no documents or evidence to show proper assignment or transfer of the note and mortgage to the claimant. The Loan Modification Agreement shows an endorsement to Wells Fargo Bank, N.A. not to Deutsche Bank National Trust Company or Morgan Stanley Trust. The language of Claim No. 5 specifically states that payment is to be sent to America's Servicing Company.

35. The mortgage attached to Claim No. 5 states under Definitions in Section D, "The 'lender' is Intervale Mortgage Corporation."

36. Further, the mortgage attached to Claim No. 5 states under Definitions in Section (C) "MERS is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is named in the mortgage solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, Michigan 46501-3026, Telephone (888)679-MERS."

9

37. The debtor asserts that MERS acts solely as a nominee for "Intervale Mortgage Corporation." The assignment of mortgage is defective for a number of reasons. First, there is no power of attorney or other document as required by Wis. Stat. Section 706.03 indicating that MERS has any authority whatsoever to execute and assignment of mortgage on behalf of Intervale Mortgage Corporation. Second, it does not appear that the signatories for the AOM are agents or employees of Intervale Mortgage Corporation. Further, the AOM was executed on August 24, 2010 which was over four (4) years after the establishment of the Morgan Stanley Trust and after the cutoff date established by the Pooling and Servicing Agreement (the "PSA") of said trust. Moreover, the AOM was executed approximately three (3) years after Intervale ceased operating and became in inactive. Under the circumstances, it does not appear that the Morgan Stanley Trust had obtained valid lien rights on the debtor's real estate prior to the filing of this bankruptcy petition and the AOM is a nullity. Therefore the claimant lacks standing and is not a real party in interest for filing a claim on this bankruptcy.

**SECOND CAUSE OF ACTION**

**II.     THE DOCUMENTS ATTACHED TO DEUTSCHE BANK'S CLAIM NO. 5 DO NOT SHOW THAT THE DEBTOR'S MORTGAGE AND NOTE WERE TRANSFERRED PURSUANT TO THE PROVISIONS OF THE MORGAN STANLEY TRUST. THEREFORE, THE TRUST DOES NOT OWN THE DEBTOR'S MORTGAGE LOAN AND HAS NO VALID CLAIM, SECURED OR UNSECURED ON THE DEBTOR'S BANKRUPTCY.**

38. The debtor realleges the above referenced paragraphs as though fully set forth herein.

39. Upon information and belief, the Morgan Stanley Trust is a pooled trust created for the purpose of pooling mortgage loans and then selling certificates or bonds to investors. The Morgan Stanley Trust is on the SEC's EDGAR database. That filing includes a

10

PSA dated as of June 1, 2006 and a Prospectus Supplement ("Prospectus") dated May 12, 2006. The PSA can be accessed through the following SEC internet address:

http://www.sec.gov/Archives/edgar/data/1362555/000091412106003669/ms5032668-ex4.txt

True and accurate excerpts from the PSA of the Morgan Stanley Trust have been copied into a single document and attached hereto as Exhibit 1. The PSA is hundreds of pages long and the debtor does not file the entire document with this objection.

The Prospectus can be accessed through the following SEC internet address:

http://www.sec.gov/Archives/edgar/data/1362555/000091412106001758/ms899370-fwp.txt

True and accurate excerpts from the Prospectus of the Morgan Stanley Trust have been copied into a single document and attached hereto as Exhibit 2. The Prospectus is hundreds of pages long and the debtor does not file the entire document with this objection.

**THE PSA AND PROSPECTUS CLEARLY PROVIDE THE PROCEDURES FOR TRANSFERRING, ASSIGNING, AND CONVEYING A MORTGAGE LOAN TO THE MORGAN STANELY TRUST.**

40. As mentioned above, the PSA defines the terms of the Morgan Stanley Trust. Article I of the PSA defines terms and parties relevant to the Morgan Stanley Trust. Article II of the PSA contains the terms and conditions governing the transfer, conveyance, and assignment of mortgages into the Morgan Stanley Trust. By its own accord, a mortgage that is not transferred, conveyed, or assigned in accordance with the terms of the PSA is not an asset of the Morgan Stanley Trust. See *Ex. 1*.

41. As provided in the Free Writing Prospectus, the following diagram illustrates the various parties involved in the transaction and their functions:



A true and accurate copy of selected portions of the Free Writing Prospectus is

attached hereto as Exhibit 2.

42. Article II of the PSA is entitled "Conveyance of Mortgage Loans." Section 2.01 of

Article II states:

> The Depositor, concurrently with the execution and delivery hereof, hereby sells,
> transfers, assigns, sets over and otherwise conveys to the Trustee for the benefit of
> the Certificateholders, without recourse, all the right, title and interest of the
> Depositor in and to the Trust Fund, and the Trustee, on behalf of the Trust, hereby
> accepts the Trust Fund.

Further, Section 2.01 states:

> In connection with the transfer and assignment of each Mortgage Loan, the
> Depositor has delivered or caused to be delivered to Wells Fargo, in its capacity
> as Custodian, with respect to the WMC Mortgage Loans, to LaSalle with respect
> to the Decision One Mortgage Loans and to the Trustee with respect to the NC
> Capital Mortgage Loans and the Option One Mortgage Loans, for the benefit of
> the Certificateholders the following documents or instruments with respect to
> each Mortgage Loan so assigned:

12

(i) the original Mortgage Note bearing all intervening endorsements, endorsed "Pay to the order of _____, without recourse" and signed (which may be by facsimile signature) in the name of the last endorsee by an authorized officer. To the extent that there is no room on the face of the Mortgage Note for endorsements, the endorsement may be contained on an allonge, unless the Trustee or applicable Custodian, as applicable, is advised in writing by the applicable Originator (if required by the applicable Purchase Agreement) or the Depositor that state law does not so allow;

(ii) the original of any guaranty executed in connection with the Mortgage Note;

(iii) the original Mortgage with evidence of recording thereon or a certified true copy of such Mortgage submitted for recording. If, in connection with any Mortgage Loan, the original Mortgage cannot be delivered with evidence of recording thereon on or prior to the Closing Date because of a delay caused by the public recording office where such Mortgage has been delivered for recordation or because such Mortgage has been lost or because such public recording office retains the original recorded Mortgage, the applicable Originator or the Depositor, as applicable, shall deliver or cause to be delivered to the Trustee or applicable Custodian, as applicable, a photocopy of such Mortgage certified by the applicable Originator or the Depositor, as applicable, to be a true and complete copy of such Mortgage and shall forward to the Trustee or applicable Custodian, as applicable, such original recorded Mortgage within 14 days following the applicable Originator's or the Depositor's, as applicable, receipt of such Mortgage from the applicable public recording office; or in the case of a Mortgage where a public recording office retains the original recorded Mortgage or in the case where a Mortgage is lost after recordation in a public recording office, a copy of such Mortgage certified by such public recording office to be a true and complete copy of the original recorded Mortgage;

(iv) the originals of all assumption, modification, consolidation or extension agreements, with evidence of recording thereon or a certified true copy of such agreement submitted for recording;

(v) the original Assignment of Mortgage for each Mortgage Loan endorsed in blank (except with respect to MERS Designated Mortgage Loans);

(vi) the originals of all intervening assignments of Mortgage (if any) evidencing a complete chain of assignment from the applicable originator (or MERS with respect to each MERS Designated Mortgage Loan) to the last endorsee with evidence of recording thereon or a certified true copy of such intervening assignments of Mortgage submitted for recording, or if any such intervening assignment has not been returned from the

13

applicable recording office or has been lost or if such public recording office retains the original recorded assignments of Mortgage, the applicable Responsible Party or the Depositor, as applicable, shall deliver or cause to be delivered a photocopy of such intervening assignment, certified by the applicable Responsible Party or the Depositor, as applicable, to be a true and complete copy of such intervening assignment and shall forward to the Trustee or applicable Custodian, as applicable, such original recorded intervening assignment within 14 days following the applicable Responsible Party's or the Depositor's, as applicable, receipt of such from the applicable public recording office; or in the case of an intervening assignment where a public recording office retains the original recorded intervening assignment or in the case where an intervening assignment is lost after recordation in a public recording office, a copy of such intervening assignment certified by such public recording office to be a true and complete copy of the original recorded intervening assignment;

(vii) the original mortgagee title insurance policy or a copy thereof, or a certified true copy of the related policy binder or commitment for title certified to be true and complete by the title insurance company; and

(viii) the original of any security agreement, chattel mortgage or equivalent document executed in connection with the Mortgage (if provided).

Therefore, pursuant to Section 2.01 of the PSA, the Depositor was to sell, transfer, assign, set over, and other wise convey its right, title and interest in and to the trust fund.

43. Importantly, the PSA states that the Depositor has caused to be delivered "the original Mortgage Note **bearing all intervening endorsements,** endorsed "Pay to the order of _____ without recourse."  (emphasis added).

44. Further, the PSA defines "Closing Date" as June 23, 2006 and defines "Cutoff Date" as June 1, 2006.

45. The above referenced PSA and Prospectus identify the following companies or entities as either parties to the Mortgage Stanley Trust or as parties involved in the pooling of

14

mortgage loans to the Mortgage Stanley Trust.

     (a)     WMC Mortgage Group, as responsible party

     (b)     Decision One Mortgage Company, LLC, as responsible party

     (c)     NC Capital Corporation, as responsible party

     (d)     Morgan Stanley Mortgage Capital Inc., as sponsor

     (e)     Morgan Stanley ABS Capital I Inc., as depositor

     (f)     Deutsche Bank National Trust Company, as trustee

     (g)     Wells Fargo Bank, N.A., as servicer

     (h)     Wells Fargo, N.A., as custodian

     (i)     LaSalle Bank National Association, as custodian

     (j)     Morgan Stanley Capital Services Inc., as interest rate swap provider

46. The Prospectus dated May 12, 2006 also identifies the parties to the Mortgage Stanley Trust. Further, said Morgan Stanley Trust is the issuing entity for issuing certificates for investors. Said Prospectus also shows Morgan Stanley ABS Capital Inc. as the depositor, Wells Fargo Bank, N.A. as the servicer, Moran Stanley Mortgage Capital Inc. as the sponsor, and Deutsche Bank National Trust Company as trustee for the trust.

47. The Debtor asserts that the PSA and Prospectus clearly show that Morgan Stanley Mortgage Capital Inc. was required to obtain the debtor's mortgage loan as the sponsor of the trust from the originator which is shown on the mortgage note as Intervale Mortgage Corporation. Thereafter, Morgan Stanley Mortgage Capital Inc. was required to transfer the mortgage note and mortgage to Morgan Stanley ABS Capital Inc. as the depositor of the trust. Lastly, Morgan Stanley ABS Capital Inc.

15

agreed to sell the mortgage loans to Deutsche Bank National Trust Company as trustee.  This would require an A→B→C→D sequence of conveyances in order for the Morgan Stanley Trust to obtain ownership of the debtor's mortgage note and mortgage.  There is no evidence that shows that the sequence of conveyances/transfers occurred in regard to the debtor's note and mortgage

48. The debtor asserts that there is no documentation whatsoever to show a proper endorsement  by the Depositor to the Trustee or any endorsement showing negotiation of the note to Deutsche Bank National Trust Company. There are no documents to show the proper intervening endorsements were ever accomplished to allow for the Depositor to transfer the mortgage note to the Trustee.   The debtor asserts that the above referenced intervening endorsements would show the required A → B → C → D sequence of conveyances. Thus, the Debtor asserts that Claim No. 5 fails to provide any evidence that the Debtor's mortgage and note were ever transferred into the Morgan Stanley Trust with the conditions of the PSA.

49.   Further, Section 2.02 entitled "Acceptance by the Trustee of the Mortgage Loans," states that the Trustee agrees to the following:

   a.         That in connection with the Closing Date it will deliver to the Depositor and the Servicer an Initial Certification prior to the Closing Date certifying receipt of a Mortgage Note and Assignment of Mortgage for each applicable Mortgage Loan.

   b.         That within 90 days after the Closing Date it will ascertain that all documents with respect to the Mortgage Loans for which it is

acting as the Custodian are in its possession, have been reviewed,

and been endorsed as provided in Section 2.01 of the PSA.

The PSA defines "Closing Date" as June 23, 2006. The Debtor asserts that the

Trustee failed to comply with Section 2.02 because the Debtor's note was never

transferred to the Morgan Stanley Trust pursuant to the conveyance requirements of

the PSA. There is no evidence demonstrating that the Trustee complied with its

duties under Section 2.02 by reviewing and certifying that the Debtor's Note was in

its possession. In fact, there is nothing to show a transfer of the debtor's mortgage

note to the Morgan Stanley Trust at all.

## III.     THERE IS NO EVIDENCE TO SHOW A PROPER ENDORSEMENT OF THE NOTE OR THE ASSIGNMENT OF MORTGAGE.

50.   The debtor realleges the above referenced paragraphs as thought fully set forth herein.

51.   The Note contains two undated endorsements. The endorsements are stamped under

the name of Damon Merritt, Assistant Secretary of Decision One Mortgage

Company, LLC ("Decision One").

52. Decision One is referenced as a servicing agent for Interval Mortgage Company in the

endorsement purporting to convey or transfer the note to Decision One Mortgage. The

Creditor-Defendant offers no evidence that Decision One had any authority under a

valid power-of-attorney or another appropriate document to endorse the Note on behalf

of Intervale. Therefore, the two endorsements on the Note lack validity and are

ineffective to convey or transfer the note.

53. The endorsements on the Note are undated and appear to be executed under the name of

Damon Merritt, who purported to act on behalf of Intervale Mortgage Corporation and

Decision One Mortgage Company. No evidence has been offered to show that Damon

17

Merritt had any proper authority to execute the endorsements on behalf of Intervale Mortgage Corporation or Decision One Mortgage Company. Further, it appears that the endorsements are rubber stamped. It is not clear when these endorsements were executed and if they were ever signed by any individual.

54. Finally, the Debtor asserts that Claim No. 5 does not provide sufficient evidence to support that the Assignment of Mortgage (AOM) included in the attached documents is proper. There is no evidence demonstrating that MERS as nominee of the lender had proper authority to assign the mortgage to Deutsche Bank National Trust Company as Trustee for the Trust as required by Wis. Stat. Section 706.03.

55. Moreover, the PSA established the cutoff date for the transfer of mortgage to the Morgan Stanley Trust as of June 1, 2006. The AOM in this case was executed on August 24, 2010, over four years after that cutoff date. The mortgage and note could not be transferred, conveyed, or assigned to the Trust unless it was done so in compliance with the terms of the PSA. The debtor asserts that an AOM without the transfer of the note is a nullity. Moreover, the AOM was executed approximately three years after Intervale Mortgage ceased operations and became inactive. No evidence supports a finding that the mortgage and note have been transferred, conveyed, or assigned to the Trust in compliance with the PSA or any applicable state laws.

### THIRD CAUSE OF ACTION

### THE CLAIMAINT IS ATTEMPTING TO ENFORCE INVALID LIEN RIGHTS AGAINST PROPERTY OF THE ESTATE.

56. The debtor realleges the above referenced paragraphs as though fully set forth herein.

57. The debtor asserts that the Defendant, Deutsche Bank National Trust Company as Trustee for the Morgan Stanley ABS Capital I, Inc. Trust 2006-HE4 is attempting to

18

create and enforce lien rights against the estate and against the debtor which said lien

rights are invalid.  Also, the defendant's actions violate §362(a)(4) and §362(a)(5) of

the U.S. Bankruptcy Code.

### FOURTH CAUSE OF ACTION

### THE DEFENDANT, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE MORGAN STANLEY TRUST ASSERTS A FALSE CLAIM IN THIS CHAPTER 13 BANKRUPTCY.

58. The debtor realleges the above referenced paragraphs as though fully set forth herein.

59. The debtor asserts that the defendant, Deutsche Bank National Trust Company as

Trustee for the Morgan Stanley Trust falsely claimed ownership of the note and

mortgage referenced in Claim Number 5 in that said defendants have never obtained

any ownership interest in the debtor's mortgage loan.

60. The debtor asserts that the documents attached to Claim Number 5 are insufficient to

support the claim and said claim represents a false and fraudulent representation to the

court in regard to the Morgan Stanley Trust ownership of the note and mortgage

pertaining to said claim.

61. The debtor further asserts that Claim Number 5 lacks proof and evidence to show that

the note was ever delivered to the Morgan Stanley Trust or any appropriate party

representing said trust and there is no documentation to show the Morgan Stanley Trust

is a real party in interest or has any standing to file a claim or is entitled to any relief

under a Motion for Relief from the Automatic Stay or to maintain a claim in this

bankruptcy proceeding.

62. Further, the debtor asserts that the itemization of arrears attached to Claim Number 5

indicates that there are BPO/Appraisal fees of $50.00, Property Preservation fees of

19

$130.00, and Negative Escrow Advances of $2,845.17 without any documentation to support such fees and charges. The debtors assert that in the absence of any documents produced to support said fees and charges, the claim is fatally defective and that all such fees and charges are unreasonable per se pursuant to Bankruptcy Rule 3001(c).

WHEREFORE, the debtor/plaintiff respectfully requests judgment as follows:

a. Determination that none of the above referenced defendants have an enforceable secured or unsecured claim against the property of the estate in the bankruptcy including the Morgan Stanley Trust as well as the Trustee, Deutsche Bank.

b. That the servicer referenced in Claim 5, America's Servicing Company has no enforceable secured or unsecured claim against the property of the estate in this bankruptcy.

c. The determination that none of the above referenced defendants have standing or the status of a real party in interest in this bankruptcy to maintain a claim or for any relief from stay.

d. The sworn proof of claim on file as Claim Number 5 is false, fraudulent, and otherwise unlawful.

e. The sworn proof of claim attempts to unlawfully secure property of the estate in violation of §362.83 of the Bankruptcy Code by asserting invalid lien rights against property of the estate and of the debtor.

f. The sworn proof of claim asserts invalid lien rights against property of the estate and against the debtor in violation of §362(a)(4) and §362(a)(5) of the Bankruptcy Code.

g.   The mortgage on the real estate be declared void as to all defendants named in

this action.

h.   That the Court disallow and expunge the sworn proof of claim Number 5.

i.   That the Chapter 13 Trustee be granted lien rights on the real property in order

to preserve the rights of the estate and said collateral subject to the exemption of

the plaintiffs in said real estate.

j.   That the debtor have and recover reasonable legal fees in an amount to be

determined by this Court.

k.   That the debtor recover all reasonable costs and expenses in this case in an

amount to be determined by the Court.

l.   That the debtor have such other and further relief that the Court may deem as

just and proper.

Dated this the13th day of July, 2011.


/s/Rollie R. Hanson
Rollie R. Hanson
Attorney for Debtor



THE LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 West Washington Street, Suite 1420
West Allis, WI 53214
(414) 321-9733 / (414) 321 9601 (facsimile)
Rollie@hansonlaw.net

21