## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:  **Darrell D. Edwards a/k/a** | **Chapter 13** |
| **Darrell Edwards** | |
| | **Case No. 11-23195-MDM** |
| **Debtor.** | |

## OBJECTION TO PROOF OF CLAIM NO. 5 FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE4

Darrell D. Edwards, the Debtor, by the Law Office of Rollie R. Hanson, S.C., hereby

objects to Proof of Claim No. 5 ("Claim No. 5") filed by Deutsche Bank National Trust

Company ("Deutsche Bank"), as Trustee for the Morgan Stanley ABS Capital I Inc. Trust 2006-

HE4 (the "Morgan Stanley Trust").  The Debtor moves this Court to dismiss Deutsche Bank's

Claim because Deutsche Bank does not have standing to bring Claim No. 5 and because

Deutsche Bank is not a real party in interest. Said Debtor brings this objection as a contested

matter pursuant to Bankruptcy Rule 9014 as well as 3007(b) and 7001(a) and in conjunction with

Adversary Proceeding to challenge Claim No. 5. The debtor asserts that this matter constitutes a

core proceeding and this objection should be consolidated with the Adversary Proceeding.   In

support of this objection, the Debtor respectfully shows to the court as follows:

I.     **THE DOCUMENTS ATTACHED TO DEUTSCHE BANK'S PROOF OF CLAIM NO. 5 DO NOT SHOW ANY TRANSFER OR ASSIGNMENT OF THE DEBTOR'S MORTGAGE AND NOTE TO DEUTSCHE BANK**

1. Deutsche Bank filed Claim No. 5 with this Court on April 12, 2011.  In Claim No. 5,

   Deutsche Bank asserts the Claim is secured by the Debtor's property at 3789 N 75th

   St, Milwaukee, Wisconsin 53216-1969.

THE LAW OFFICES OF ROLLIE R. HANSON, S.C.
6737 West Washington Street, Suite 1420
West Allis, Wisconsin 53214
(414)321-9733 Fax (414)321-9601
Rollie@hansonlaw.net

1

2. The Debtor alleges that Deutsche Bank does not have proper standing or the status of a real party in interest to bring a claim because neither Deutsche Bank nor Morgan Stanley Trust own the Debtor's mortgage loan.

3. The documents attached to Claim No. 5 are as follows

    a. Attachment to Proof of Secured Claim which lists a Total Arrearage and Total Debt including miscellaneous fees and charges.

    b. Assignment of mortgage dated February 22, 2006, signed by Amy Rivard, Monique Santos, and Herman Kennerty;

    c. Mortgage dated February 22, 2006 in favor of Intervale Mortgage Corporation;

    d. Adjustable Rate Rider dated February 22, 2006 as a supplement to the note and mortgage;

    e. Adjustable Rate Note dated February 22, 2006;

    f. Loan Modification Agreement made with American Servicing Company dated January 10, 2010.

4. The Debtor asserts that the documents attached to Claim No. 5 do not provide any evidence to show the note was ever assigned to Deutsche Bank. The note and mortgage show Intervale Mortgage Corporation as the lender and there are no documents or evidence to show proper assignment or transfer of the note and mortgage to the claimant. The Loan Modification Agreement shows an endorsement to Wells Fargo Bank, N.A. not to Deutsche Bank National Trust Company or Morgan Stanley Trust. The language of Claim No. 5 specifically states that payment is to be sent to America's Servicing Company.

2

5. The mortgage attached to Claim No. 5 states under Definitions in Section D, "The 'lender' is Intervale Mortgage Corporation."

6. Further, the mortgage attached to Claim No. 5 states under Definitions in Section (C) "MERS is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lenders and Lender's successors and assigns. MERS is the mortgagee under the security instrument. MERS is organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, Michigan 46501-3026, Telephone (888)679-MERS."

7. The debtor asserts that MERS acts solely as a nominee for "Intervale Mortgage Corporation." The assignment of mortgage is defective for a number of reasons. First, there is no power of attorney or other document as required by Wis. Stat. Section 706.03 indicating that MERS has any authority whatsoever to execute an assignment of mortgage on behalf of Intervale Mortgage Corporation. Second, it does not appear that the signatories for the AOM are agents or employees of Intervale Mortgage Corporation. Further, the AOM was executed on August 24, 2010 which was over four (4) years after the establishment of the Morgan Stanley Trust and after the cutoff date of June 6, 2006 as established by the Pooling and Servicing Agreement (the "PSA") of said trust. Moreover, the AOM was executed approximately three years after Intervale ceased operating and became inactive. Under the circumstances, it does not appear that the Morgan Stanley Trust had obtained valid lien rights on the debtor's real estate prior to the filing of this bankruptcy petition.

3

**II.  THE DOCUMENTS ATTACHED TO DEUTSCHE BANK'S CLAIM NO. 5 DO NOT SHOW THAT THE DEBTOR'S MORTGAGE AND NOTE WERE TRANSFERRED PURSUANT TO THE PROVISIONS OF THE MORGAN STANLEY TRUST.**

8.  Upon information and belief, the Morgan Stanley Trust is a pooled trust created for the purpose of pooling mortgage loans and then selling certificates or bonds to investors.  The Morgan Stanley Trust is on the SEC's EDGAR database.  That filing includes a PSA dated as of June 1, 2006 and a Prospectus Supplement ("Prospectus") dated May 12, 2006.  The PSA can be accessed through the following SEC internet address:

http://www.sec.gov/Archives/edgar/data/1362555/000091412106003669/ms5032668-ex4.txt

True and accurate excerpts from the PSA of the Morgan Stanley Trust have been copied into a single document and attached to the Adversary Complaint on file with this Objection as Exhibit 1. The PSA is hundreds of pages long and the debtor does not file the entire document with this objection.

The Prospectus can be accessed through the following SEC internet address:

http://www.sec.gov/Archives/edgar/data/1362555/000091412106001758/ms899370-fwp.txt

True and accurate excerpts from the Prospectus of the Morgan Stanley Trust have been copied into a single document and attached to the Adversary Complaint on file with this Objection as Exhibit 2.  The Prospectus is hundreds of pages long and the debtor does not file the entire document with this objection.

9.  The above referenced PSA and Prospectus identify the following companies or entities as either parties to the Mortgage Stanley Trust or as parties involved in the pooling of mortgage loans to the Mortage Stanley Trust.

4

(a)     WMC Mortgage Group, as responsible party

(b)     Decision One Mortgage Company, LLC, as responsible party

(c)     NC Capital Corporation, as responsible party

(d)     Morgan Stanley Mortgage Capital Inc., as sponsor

(e)     Morgan Stanley ABS Capital I Inc., as depositor

(f)     Deutsche Bank National Trust Company, as trustee

(g)     Wells Fargo Bank, N.A., as servicer

(h)     Wells Fargo, N.A., as custodian

(i)     LaSalle Bank National Association, as custodian

(j)     Morgan Stanley Capital Services Inc., as interest rate swap provider

10.  The Prospectus dated May 12, 2006 also identifies the parties to the Mortgage Stanley Trust.  Further, said Morgan Stanley Trust is the issuing entity for issuing certificates for investors.  Said Prospectus also shows Morgan Stanley ABS Capital Inc. as the depositor, Wells Fargo Bank, N.A. as the servicer, Moran Stanley Mortgage Capital Inc. as the sponsor, and Deutsche Bank National Trust Company as trustee for the trust.

11.  The Debtor asserts that the PSA and the Prospectus  clearly show that Morgan Stanley Mortgage Capital Inc. was required to obtain the debtor's mortgage loan as the sponsor of the trust from the originator which is shown on the mortgage note as Intervale Mortgage Corporation.  Thereafter, Morgan Stanley Mortgage Capital Inc. was required to transfer the mortgage note and mortgage to Morgan Stanley ABS Capital Inc. as the depositor of the trust.  Lastly, Morgan Stanley ABS Capital Inc. agreed to sell the mortgage loans to Deutsche Bank National Trust Company as

5

trustee.  This would require an A→B→C→D sequence of conveyances/transfers  in order for the Morgan Stanley Trust to obtain ownership of the debtor's mortgage note and mortgage.  There is no evidence that shows that the sequence of conveyances occurred.

12.  Further, the Debtor asserts that Section 2.01 of the PSA, entitled "Conveyance of Mortgage Loans" states that transfer and assignment from the Depositor to the Trustee included delivery of

> "the original Mortgage Note bearing all intervening endorsements, endorsed 'Pay to the order of _____, without recourse.'"

The debtor asserts that there is no documentation whatsoever to show a proper endorsement  by the Depositor to the Trustee with all intervening endorsements showing negotiation of the note to Deutsche Bank National Trust Company. There are no documents to show the proper intervening endorsements were ever accomplished to allow for the Depositor to transfer the mortgage note to the Trustee. Thus, the Debtor asserts that Claim No. 5 fails to provide any evidence that the Debtor's mortgage and note were ever transferred into the Morgan Stanley Trust with the conditions of the PSA.

13.  Further, Section 2.02 entitled "Acceptance by the Trustee of the Mortgage Loans," states that the Trustee agrees to the following:

a.  That in connection with the Closing Date it will deliver to the Depositor and the Servicer an Initial Certification prior to the Closing Date certifying receipt of a Mortgage Note and Assignment of Mortgage for each applicable Mortgage Loan.

6

b. That within 90 days after the Closing Date it will ascertain that all documents with respect to the Mortgage Loans for which it is acting as the Custodian are in its possession, have been reviewed, and been endorsed as provided in Section 2.01 of the PSA.

The PSA defines "Closing Date" as June 23, 2006. The Debtor asserts that the Trustee failed to comply with Section 2.02 because the Debtor's note was never transferred to the Morgan Stanley Trust pursuant to the conveyance requirements of the PSA. There is no evidence demonstrating that the Trustee complied with its duties under Section 2.02 by reviewing and certifying that the Debtor's Note was in its possession. In fact, there is nothing to show a transfer of the debtor's mortgage note to the Morgan Stanley Trust at all.

### III. THERE IS NO EVIDENCE TO SHOW A PROPER ENDORSEMENT OF THE NOTE OR THE ASSIGMENT OF MORTGAGE.

14. The Note contains two undated endorsements. The endorsements are stamped under the signature of Damon Merritt, Assistant Secretary of Decision One Mortgage Company, LLC ("Decision One").

15. Decision One is referenced as a servicing agent for Intervale Mortgage Company in the endorsement purporting to assign or transfer the note to Decision One Mortgage. The Claimant offers no evidence that Decision One had any authority under a valid power-of-attorney or another appropriate document to endorse the Note on behalf of Intervale Mortgage Corporation. Therefore, the two endorsements on the Note lack validity and are ineffective to convey or transfer the note.

16. The endorsements on the Note are undated and appear to be executed by an individual named Damon Merritt, who purported to act on behalf of Intervale Mortgage

7

Corporation and Decision One Mortgage Company.  No evidence has been offered to show that Damon Merritt had any proper authority to execute the endorsements on behalf of Intervale Mortgage Corporation or Decision One Mortgage Company. Further, it appears that the endorsements may be  rubber stamped.  It is not clear when these endorsements were executed and if they were ever signed by any individual.

17.	Finally, the Debtor asserts that Claim No. 5 does not provide sufficient evidence to support that the Assignment of Mortgage included in the attached documents is proper.  First, there is no evidence demonstrating that MERS as nominee of the lender had proper authority to assign the mortgage to Deutsche Bank National Trust Company as Trustee for the Trust as required by Wis. Stat. Section 706.03. Moreover, the PSA established the cut off date for the transfer of mortgage to the Morgan Stanley Trust as of June 1, 2006.  The AOM dated August 24, 2010 was executed over four years after that cut off date.  The mortgage and note could not be transferred, conveyed, or assigned to the Trust unless it was done so in compliance with the terms of the PSA.  Further, there is no evidence to show that the individuals that executed the AOM had proper authority to assign the mortgage on behalf of Intervale Mortgage Corporation. Upon information and belief, said Intervale Mortgage Corporation ceased operations on or about _____.  No evidence supports a finding that the mortgage and note have been transferred, conveyed, or assigned to the Trust in compliance with the PSA.

WHEREFORE, the Debtor requests the following relief:

8

(1)  an order to disallow the claim on file by the claimant and further, for an order that the said Morgan Stanley Trust has no enforceable secured or unsecured claim against the estate in this bankruptcy;

(2)  That the Trustee, Deutsche Bank has no standing to file or maintain a claim. Further, the claimant lacks the status of a real party in interest;

(3)  Claim No. 5 filed on behalf of the Trust violates the local rules of this Court, Local Rule 3001 of the Bankruptcy Rules and the official form and instructions thereto for lack of supporting documentation;

(4)  The debtor recovers all reasonable legal fees in an amount to be determined by this Court for the filing of a false and meritless claim;

(5)  The debtor recovers all reasonable costs and expenses in this case in an amount to be determined by this Court;

(6)  Any further relief that the Court may deem just and appropriate.


Dated at West Allis, Wisconsin this 13th day of July, 2011.


/s/Rollie R. Hanson/
Rollie R. Hanson
Attorney for Debtor

9

| | |
|---|---|
| In re:   Darrell D. Edwards a/k/a<br>             Darrell Edwards,<br><br>                          Debtor. | Chapter 13<br><br>Case No. 11-23195-MDM |

### NOTICE OF DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 5 FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE MORGAN STANDLY ABS CAPITAL I INC. TRUST 2006-HE4

The above referenced debtor, Darrell D. Edwards, has filed an objection to your claim in this bankruptcy case.

**<u>Your claim may be reduced, modified or eliminated.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult with one).**

If you do not want the Court to eliminate or change your claim then on or before five (5) days before the scheduled hearing, which will be set by the Court and sent under a separate notice, you or your attorney must:

1.  File with the Court a written response or answer, if you have not already done so, explaining your position.  Your written response or answer must be filed at:

    United States Bankruptcy Court
    Eastern District of Wisconsin
    517 East Wisconsin Ave., Room 126
    Milwaukee, WI 53202

    If you mail your request/response to the Court for filing, you must mail it early enough so that the Court will received it at least five (5) days before the hearing that will be scheduled by the Court.

    You must also mail a copy to all opposing parties if they are not represented by an attorney, including:

    Mary B. Grossman
    Chapter 13 Trustee
    PO Box 510920
    Milwaukee, WI 53203

    Attorney Rollie R. Hanson
    6737 West Washington Street, Suite 1420
    West Allis, WI 53214

2.  Attend the hearing that will be scheduled by Court.  You will receive a separate
    notice of the hearing from the Bankruptcy Court.  You should read it carefully as it
    may contain further requirements.

    If you or your attorney do not take these steps, the Court may decide that you do not
    oppose the objection to your claim.

    Dated this 14th day of July, 2011 at West Allis, Wisconsin

                                        /s/Rollie R. Hanson
                                        Rollie R. Hanson
                                        State Bar No. 1011293

THE LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 West Washington Street, Suite 1420
West Allis, Wisconsin 53214
(414)321-9733 Fax (414)321-9601
Rollie@hansonlaw.net

11

In re:   Darrell D. Edwards a/k/a                     Chapter 13
         Darrell Edwards,
                                                      Case No. 11-23195-MDM
             Debtor.

## AFFIDAVIT OF SERVICE

STATE OF WISCONSIN                )
                                  )  SS:
COUNTY OF MILWAUKEE               )

Leigh Anne Muller, being first duly sworn on oath, deposes and says that on July 14, 2011 she served via CM/ECF a true and correct copy of the Notice and Objection to the Proof of Claim Number 5 filed by Deutsche Bank National Trust Company, as Trustee for the Morgan Stanley ABS Capital I Inc. Trust 2006-HE4 on the parties listed below.

     Mary B. Grossman
     Chapter 13 Trustee                          ecf@chapter13milwaukee.com

     Office of the U.S. Trustee                  ustpregion11.mi.ecf@usdoj.gov

     Deutsche Bank National Trust Company
     As Trustee for Morgan Stanley
     ABS Capital I Inc. Trust 2006-HE4
     c/o Gray & Associates                       Via CM/ECF

Dated this 14th day of July, 2011 at West Allis, Wisconsin

                                       /s/Leigh Anne Muller
                                       Leigh Anne Muller

Subscribed and sworn to before me
this 14th day of July, 2011.

*/s/Jared M. Nusbaum*
Jared M. Nusbaum
Notary Public, State of Wisconsin
My Commission is Permanent

THE LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 West Washington Street, Suite 1420
West Allis, Wisconsin 53214
(414)321-9733 Fax (414)321-9601
Rollie@hansonlaw.net

12